UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00789-FDW-DCK

| | |
|---|---|
| EYETALK365, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZMODO TECHNOLOGY )<br>CORPORATION LIMITED, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Improper Venue, or in the alternative, to Transfer Venue (Doc. No. 44). This motion has been fully briefed by the parties, (Docs. Nos. 44, 45, 49), and is now ripe for disposition. For the reasons that follow, Defendant's Motion to Dismiss is DENIED and Defendant's Motion to Transfer is GRANTED.

## I. BACKGROUND

Plaintiff Eyetalk365, LLC, filed the instant action on November 14, 2016, against Defendant Zmodo Technology Corporation Limited alleging Defendant infringes one or more claims of a patent held by Plaintiff. Defendant responded on January 23, 2017, denying the allegations in its Answer and also moving to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (See Docs. Nos. 13, 15). Neither Defendant's Answer nor its Motion to Dismiss questioned whether venue was appropriate in this matter. The Court denied Defendant's Motion to Dismiss on May 12, 2017. (Doc. No. 42).

On May 22, 2017, the United States Supreme Court issued an opinion ruling on the propriety of venue in patent infringement cases: TC Heartland LLC v. Kraft Foods Group Brands

1

LLC, 137 S. Ct. 1514 (2017). On July 25, 2017, Defendant filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), arguing TC Heartland constitutes an intervening change of law, and, accordingly, venue is not proper in this Court. Defendant's motion moved not only for dismissal of Plaintiff's Complaint, but also in the alternative, to transfer the case to another district where venue is appropriate. Plaintiff responded, claiming Defendant waived its ability to challenge venue and arguing Defendant's motion should be denied as untimely.

## II. ANALYSIS

Defendant's instant Motion raises several issues, the foremost is whether Defendant waived its right to challenge venue. If Defendant did not waive its right, the Court must consider whether venue is appropriate in the Western District of North Carolina, and, if not, whether this matter should be dismissed or transferred.

"To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). "In assessing whether there has been a prima facie venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff." Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012). A court reviewing a Rule 12(b)(3) motion may "consider evidence outside the pleadings." Id. at 365-66.

### A. Improper Venue and Waiver

Defendants must raise improper venue in a motion made either before responsive pleading or as part of the responsive pleading, or the defense is waived. Fed. R. Civ. P. 12(h)(1). Also relevant to Plaintiff's waiver arguments here, Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that

was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Here, the parties do not contest that Defendant failed to properly preserve its venue argument under general application of Rule 12 of the Federal Rules of Civil Procedure.

An exception to the general rule of waiver exists "when there has been an intervening change in the law recognizing an issue that was not previously available." Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (citations omitted). If an intervening change in the law occurred, a court may consider an issue previously "waived" if the court determines "the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." Holland, 181 F.3d at 606 (citing Curtis Publ'g Co. v. Butts, 388 U.S. 130, 145 (1967) (plurality opinion)). Thus, the Court's initial inquiry turns to whether TC Heartland constitutes an intervening change in the law such that the defense of improper venue was unavailable to Defendant at the time it filed its responsive pleadings.

To understand the myriad of arguments concerning whether TC Heartland "changed" the law, the Court briefly notes that TC Heartland reaffirmed the 1957 decision in Fourco Glass v. Transmirrra Products Corp., 353 U.S. 222 (1957), which found that, for purpose of venue in a patent case, a corporation "resides" in the state of its incorporation. Pursuant to Fourco, 28 U.S.C. § 1400(b) is "the sole and exclusive provision controlling venue in patent infringement actions." 353 U.S. at 229. Section 1400(b) provides venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). While this seems clear, for close to twenty-seven years, courts have followed precedent set by the Federal Circuit in VE Holding Corp. v. Johnson Gas Appliance Co., which held that, based on Congressional amendments to 28 U.S.C.

§ 1391, patent infringement suits were "governed by the general venue statutes, not by § 1400(b)" such that venue was appropriate in any district where a defendant "resides." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990).

In addressing venue motions filed *after* initial responsive pleadings, district courts across the country have wrestled with the issue of whether TC Heartland constituted an intervening change of law, contrary to VE Holding, or whether TC Heartland simply reaffirmed existing law from Fourco. Court decisions remain inconsistent in their holdings, with rulings regularly landing on opposite sides. See, e.g., Symbology Innovations, LLC v. Lego Sys., Inc., No. 2:17-CV-86, 2017 WL 4324841, at *5–6 (E.D. Va. Sept. 28, 2017) (Although some courts consider the Supreme Court's recent decision in TC Heartland to constitute such a change, this Court is not among them. . . . TC Heartland did not change the law—it clarified that the law had not changed." (citations omitted)). The Federal Circuit Court of Appeals has not resolved this dispute. See, e.g., In re Hughes Network Sys., LLC, No. 2017-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) ("Without necessarily agreeing with the district court's conclusion that the Supreme Court's decision in TC Heartland did not effect a change in the law, we nonetheless find that the district court did not clearly abuse its discretion in finding that [the defendant] waived its right to move to transfer for improper venue."); but see In re Sea Ray Boats, Inc., No. 2017-124, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (Newman, J., dissenting) ("There is little doubt that the Court's decision in TC Heartland . . . was a change in the law of venue . . . .").

Two recent—almost identical—opinions[1] from this district meticulously contemplated the multitude of district court decisions with conflicting conclusions, collecting cases on both sides: those decisions who found TC Heartland to be an intervening change in law and those courts that held otherwise. See Simpson Performance Prod., Inc. v. Mastercraft Safety, Inc., No. 5:16-CV-155-RLV, 2017 WL 3620001, at *5 (W.D.N.C. Aug. 23, 2017) (collecting cases); Simpson Performance Prod., Inc. v. NecksGen, Inc., No. 5-16-CV-153-RLV, 2017 WL 3616764, at *5 (W.D.N.C. Aug. 23, 2017) (collecting cases). After careful consideration of an exhausting list of cases, both Simpson cases held TC Heartland constitutes an intervening change in the law. Id.

The Court agrees with the Simpson cases' thorough analysis of the district court opinions and the parties' arguments, which are similar to the case at bar. Accordingly, for the reasons stated in the Simpson cases, this Court holds the Supreme Court decision in TC Heartland constitutes an intervening change in the law that occurred after Defendant had filed its Answer and original Motion to Dismiss.

The Court next turns to the second phase of the analysis: whether Plaintiff's failure to raise the issue was unreasonable, and whether the opposing party will be prejudiced by the failure to raise the issue sooner. Holland, 181 F.3d at 606. Here, Defendant filed the instant motion within two months of the Supreme Court's TC Heartland decision. As explained in the Simpson cases,

---

[1] The cases of Simpson Performance Prod., Inc. v. Mastercraft Safety, Inc., No. 5:16-CV-155-RLV, 2017 WL 3620001 (W.D.N.C. Aug. 23, 2017), and Simpson Performance Prod., Inc. v. NecksGen, Inc., No. 5-16-CV-153-RLV, 2017 WL 3616764 (W.D.N.C. Aug. 23, 2017), involved the same plaintiff, same patents, but different defendants. The issues presented in the two cases mirrored each other, and, consequently, the court's decisions issued on the same day and involved the same analysis, discussion of applicable law, and rulings. The Court hereinafter refers to these cases collectively as "Simpson cases."

> [T]he precedent set by the Federal Circuit in VE Holding clearly foreclosed any reasonable argument [the defendant] could have made in assertion of a defense of improper venue. Up until the day the Supreme Court issued its decision in TC Heartland, this Court would have been required to apply VE Holding to any venue challenge raised by [the defendant] and conclude that venue was proper in any district where [the defendant] was subject to personal jurisdiction.

Simpson Performance Prod., Inc. v. Mastercraft Safety, Inc., 2017 WL 3620001, at *6 (citation omitted); see also Simpson Performance Prod., Inc. v. NecksGen, Inc., 2017 WL 3616764, at *6 (citation omitted); Hand Held Prod., Inc. v. Code Corp., No. CV 2:17-167-RMG, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017) (noting "It would be inequitable to deny [the defendant] the opportunity to seek proper venue, where no prejudice results to Plaintiff, simply because [the defendant] missed the venue-challenge deadline by 34 days because it reasonably relied on what nearly every litigant thought was binding precedent governing patent litigation venue for the past 27 years."). For these reasons, this Court concludes it was reasonable for Defendant to not raise the improper venue defense earlier in light of the binding precedent established by VE Holding that foreclosed the defense.

As to any prejudice to Plaintiff, the Court notes this matter is still in the relatively early stages of litigation. The parties have engaged in some discovery and have prepared claim construction briefs. The Court, however, has neither held a hearing nor issued any substantive ruling on the parties' proposed claim constructions. No trial date has been set, nor have the parties commenced the second phase of discovery related to infringement. No party has argued Defendant intentionally delayed bringing the instant motion. Accordingly, the Court finds any prejudice to Plaintiff here to be minimal.

6

### B. Transfer of Venue

Because it is undisputed that Defendant is not incorporated in North Carolina and does not maintain a regular and established place of business in this district, venue is improper. See 28 U.S.C. § 1400(b); TC Heartland, 137 S.Ct. at 1517. Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rather than dismissing this action, the Court finds the interests of justice would be served by transferring the case to a district in which it could have been initially filed. It appears both parties agree the District of Nevada, where Defendant ZModo is incorporated, is an appropriate venue for transfer. (See Doc. No. 44, p. 11; Doc No. 45, p. 6). Accordingly, the Court denies that portion of Defendant's motion seeking dismissal and grants the alternative relief of transferring venue to the District of Nevada.

### III. CONCLUSION

Defendant did not waive its ability to challenge venue in this case. The Supreme Court's decision in TC Heartland constitutes an intervening change of law. Defendant reasonably relied on prior caselaw from the Federal Circuit in failing to challenge venue until after the Supreme Court's decision, and allowing transfer of this case, still in the early stages of litigation, will not prejudice Plaintiff. In so ruling, the Court notes that even if TC Heartland did not constitute a change in law and were the Court to accept Plaintiff's argument that the defense of improper venue was always available under Fourco, this Court's decision on the issue of waiver would remain the same. Based on the particular facts and circumstances of the instant case, the court finds

Defendant did not act unreasonably in failing to raise the issue earlier and granting the motion to transfer will not unduly prejudice Plaintiff.

IT IS THEREFORE ORDERED that Defendant's Motion (Doc. No. 43) is DENIED IN PART as to Defendant's request for dismissal and GRANTED IN PART as to that portion of the motion seeking transfer of venue. The Clerk's Office shall transfer this case to the District of Nevada.

IT IS SO ORDERED.

Signed: October 17, 2017

Frank D. Whitney
Chief United States District Judge