Michael D. Rounds
Nevada Bar No. 4734
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: 775-324-4100
Facsimile: 775-333-8171
Email: mrounds@bhfs.com

Gary R. Sorden (admitted *pro hac vice*)
Tim Craddock (admitted *pro hac vice*)
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: 214-367-6000
Facsimile: 214-367-6001
Email: gary.sorden@klemchuk.com
       tim.craddock@klemchuk.com

*Attorneys for Eyetalk365, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| EYETALK365, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>ZMODO TECHNOLOGY CORPORATION LIMITED,<br><br>    *Defendant*. | Case No. 3:17-cv-00686-MMD-WGC<br><br>*and related case* |
| EYETALK365, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>ZMODO TECHNOLOGY CORPORATION LIMITED,<br><br>    *Defendant*. | Case No. 2:17-cv-02714-RCJ-PAL<br><br>**PROTECTIVE ORDER** |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Access to any documents marked "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" shall be limited to:

   a. The requesting party and counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts to the extent deemed necessary by counsel;
   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and
   e. The Court or the jury at trial or as exhibits to motions.

3. Counsel for any party may designate any documents or information contained in any document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if counsel determines, in good faith, that such designation is necessary to protect the information within the scope of Fed. R. Civ. P. 26(c), including information that relates to , among other things, trade secrets, pending patent applications, research and development or other highly sensitive technical

information, or highly-sensitive business-related financial information including abstracts, summaries, or information derived therefrom.

4. Access to any documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to:

   a. The Court and its staff;

   b. Attorneys, their law firms, their employees and agents, and their Outside Vendors;

   c. Persons shown on the face of the document to have authored or received it, any person who has previously seen or was aware of it, and/or the producing party or its designated representatives (e.g., a 30(b)(6) witness);

   d. Court reporters retained to transcribe testimony and independent language interpreters used at deposition or hearings;

   e. Other outside persons (i.e., persons not currently employed by any party) who are retained by a party or its Attorneys to provide assistance or to furnish technical or expert services, and/or give testimony in this action who have signed Exhibit A attached hereto; and

   f. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall sign Exhibit A.

5. Prior to disclosing or displaying to any person information or documents marked "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. In the event that a party receiving confidential information ("Receiving Party") intends to display to and discuss with a person identified in Paragraphs 2(c) and (d) or 4(e) and (f) ("Qualified Person") confidential information disclosed by another party ("Disclosing Party"), the Receiving Party shall first disclose the identity of such Qualified Person to the Disclosing Party. If the Qualified Person is one identified in Paragraphs 2(c) or 4(e), the Receiving Party shall also provide to the Disclosing Party the Qualified Person's resumé. The Receiving Party shall then have five (5) business days to object to the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the Qualified Person. The Parties shall then attempt to resolve the objection by meeting and conferring. If the parties cannot resolve the objection, the Disclosing Party shall have the obligation of filing a motion with the Court in order to resolve the dispute within three (3) business days of the Parties' meeting.

7. Information marked in accordance with this Order may be displayed to and discussed with Qualified Persons only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

8. Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same protections and constraints as the

parties to the action. A copy of the Protective order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of 7 days from the date of their production, and during that period any party may designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to the terms of the Protective Order.

9. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

10. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

11. For the purpose of Paragraphs 2(d) and (e) and 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

12. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry

| | |
|---|---|
| 1 | of a final judgment no longer subject to further appeal) returned to the producing |
| 2 | party or certified as destroyed. |
| 3 |     13.    The foregoing is entirely without prejudice to the right of any party to |
| 4 | apply to the Court for any further Protective Order relating to confidential |
| 5 | information; or to object to the production of documents or information; or to apply to |
| 6 | the Court for an order compelling production of documents or information; or for |
| 7 | modification of this Order. |
| 8 |     IT IS SO ORDERED. |

13. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

April 4, 2018                **BROWN HYATT FARBER SCHRECK LLP**


By:   /s/ Gary R. Sorden
      Michael D. Rounds, Esq.
      Nevada Bar No. 4734
      5371 Kietzke Lane
      Reno, Nevada  89511
      Telephone:  775-324-4100
      Facsimile:  775-333-8171
      Email:  mrounds@bhfs.com

      Gary R. Sorden (admitted *pro hac vice*)
      Tim Craddock (admitted *pro hac vice*)
      **KLEMCHUK LLP**
      8150 N. Central Expressway
      10th Floor
      Dallas, Texas 75206
      Tel. 214.367.6000
      Fax 214.367.6001
      Email:  gary.sorden@klemchuk.com
              tim.craddock@klemchuk.com

      *Attorneys for Plaintiff*
      *Eyetalk365, LLC*

**AKERMAN LLP**

By: /s/ *Thomas G. Pasternak*
Melanie D. Morgan
Nevada Bar No. 8215
Tenesa Scaturro Powell
Nevada Bar No. 12488
Thomas G. Pasternak (admitted *pro hac vice*)
John M. Schafer (admitted *pro hac vice*)
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: 702-634-5000
Facsimile: 702-380-8572
Email: Melanie.morgan@akerman.com
Tenesa.scaturrow@akerman.com
Thomas.pasternak@akerman.com
jay.schafer@akerman.com

*Attorneys for Defendant*
*Zmodo Technology Corporation Limited*

**IT IS SO ORDERED this 6th day of April, 2018.**

_____
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Eyetalk365, LLC v. Zmodo Technology Corp. Limited* have been designated as "CONFIDENTIAL." I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in any such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signature